For meaning of Abbreviations, See Ternary Digest, page XII.

### No. 433
### MICH. AUTO. INS. CO. v. VAN BUSKIRK
No. 19653. Supreme Court
On motion to certify. Dock. March 2, 1926;

647. INSURANCE—Where an agent of an insurance company fills out an application for automobile insurance and does not state any incumbrances on the automobile, as required by the application, and a policy is granted upon the application, is the policy void even though the assured acted in good faith and assumed the agent would comply with all requirements?

John Van Buskirk brought this action originally in the Cuyahoga Common Pleas against The Michigan Automobile Insurance Co. to recover on an insurance contract.

Van Buskirk claimed that there was a chattel mortgage on the automobile at the time the contract of insurance was issued, said policy containing a provision making void the entire policy if assured misrepresented, or concealed any material fact concerning the insurance.

The following statement appeared in the policy:

"6. The automobiles herein described are paid for in full and are not mortgaged or encumbered except as follows, etc."

Van Buskirk claimed, however, that no formal application for insurance was made out and that defendant's duly authorized representative himself prepared said policy by making inquiries of plaintiff regarding numerous matters, which inquiries plaintiff in good faith answered truthfully and fully, and which answers said representative wrote down in the proper blank spaces in said policy.

Plaintiff says that he in good faith, relied on defendant's agent having made full inquiry of all pertinent and material matters and having accurately made note of plaintiff's answers to said inquiry; that he received the said policy of insurance when issued by defendant, but did not read same, and thereupon paid the premium on said policy as aforesaid; that he had no knowledge that an inaccurate and incomplete statement regarding encumbrances on said automobile was made by defendant's agent in said policy and in good faith believed that the statements in said policy were the same as made by plaintiff to the agent of defendant when the said policy was prepared, and that on this basis he paid the premium and accepted the policy.

The Common Pleas sustained a demurrer to the petition which judgment was reversed by the Court of Appeals.

The Insurance Co. here contends:
1. The policy is void.
2. That parol evidence cannot nullify the terms of a written contract.
3. That an agent has no power to waive any of the terms of the policy.

Attorneys—John H. McNeal and Henry J. Reed for Company; Holding, Duncan & Leckie for Van Buskirk; all of Cleveland.